UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO. CR-07-0057-JLQ |
| v. | **ORDER DENYING MOTION TO DISMISS AND CONFIRMING TRIAL DATE AND DEADLINES** |
| JOANN COOK, | |
| Defendant. | |

On May 1, 2008, the court held a Pretrial Conference for the above-captioned matter. Defendant was present, in custody, and represented by his attorney **Ronald A. Van Wert**. Plaintiff United States of America was represented by **Jane Kirk**, Assistant United States Attorney. The following order is intended to memorialize and supplement the court's oral ruling.

A. Defendant's Motion to Dismiss

In the pending Motion to Dismiss (Ct. Rec. 33), the Defendant relies upon this court's judgment and dismissal in *USA v. Brigman*, 874 F.Supp. 1125 (E.D.WA. 1994), which involved the same defendants involved in this case and which held that the Defendant's possession of unstamped cigarettes was not unlawful. The court's opinion, based upon a

ORDER - 1

stipulation by the attorney then representing the Government, "that neither Washington statutes and regulations, nor binding court precedent specifically prohibit an enrolled tribal Indian from purchasing unstamped cigarettes out of state, transporting them across state lines into Washington, and possessing them in the State of Washington." *Brigman*, 874 F.Supp. at 1131. Defendant argues here that she is entitled to a dismissal of the Superseding Indictment because the 1994 judgment is controlling under the principles of res judicata and collateral estoppel.

Subsequent to the court's 1994 decision in *Brigman*, in *United States v. Baker*, 63 F.3d 1478, 1487-86 (9th Cir .1995), the Ninth Circuit ruled that unstamped cigarettes transported into Washington without preapproval by the Department of Revenue are "contraband" under Washington law. Further, in *United States v. Gord*, 77 F.3d 1192, 1194 (9th Cir. 1996), the court held that "under Washington law, all unstamped, unapproved cigarettes are 'subject to seizure[,] ... tax and penalties,' even if possessed by and distributed to Native Americans " and "even if the [defendant] is a tribal organization, the unstamped cigarettes were contraband under the CCTA unless they were preapproved by the Washington Department of Revenue and were sold to Native Americans."

Collateral estoppel and res judicata do not apply in certain situations, "such as when "controlling facts or legal principles have changed significantly since the [prior] judgment." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 974-75, 59 L.Ed.2d 210 (1979);

*Clifton v. Attorney Gen. of Cal.*, 997 F.2d 660, 663 (9th Cir.1993).  Accordingly, the court

agrees with the United States that there has been an intervening change in the law sufficient

to trigger an exception to the application of the collateral estoppel and res judicata principles.

For these reasons, Defendant's Motion to Dismiss (Ct. Rec. 33) is **DENIED**.

B. Deadlines

    1.  Any remaining pretrial motions shall be promptly filed and served no later than

**May 27, 2008**.

    2.  Trial briefs, proposed voir dire, and requested jury instructions shall be filed and

served on or before **June 23, 2008.**

    3.  The jury trial will begin on **July 7, 2008,** at **9:00 a.m.** in Spokane, Washington.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter

this order and to provide copies to counsel.

    **DATED** this 2nd day of May, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
